United States District Court
for the
Southern District of Florida

| | |
|---|---|
| R4 Transportation and Logistics, LLC and E2 Logistics LLC, Plaintiffs,<br><br>v.<br><br>J.A.G. Express Corporation, and others, Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 18-21977-Civ-Scola<br>)<br>)<br>)<br>) |

**Opinion Order Granting Motion to Set Aside Clerk's Default and Requiring the Plaintiffs to File Report on Status of International Service**

Before the Court is motion to set aside Clerk's default filed by Defendants Julian Gorosito ("Gorosito") and American Growing Business Corp. ("AG," with Gorosito, the "Defaulting Defendants"). (the "Motion," ECF No. 22.) After reviewing the parties' submissions, including the Plaintiffs' opposition brief, and the applicable law, the Court **grants** the Motion as follows.

**1.    Relevant Factual Background**

The Plaintiffs filed this action on May 17, 2018, asserting claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), Florida RICO, common law fraud and common law conspiracy to commit fraud. (the "Complaint," ECF No. 1.) Gorosito was served with process on May 30, 2018, and was required to respond to the Complaint by June 20, 2018. (ECF No. 10); Fed. R. Civ. P. 12(a)(1). A summons and complaint was served on AG on June 1, 2018, thus requiring it to respond by June 22, 2018. (ECF No. 13); Fed. R. Civ. P. 12(a)(1). Neither party responded by that date and, on the Plaintiffs' motion, the Clerk entered default against the Defaulting Defendants on July 16, 2018.[1] (ECF Nos. 14, 16.)

Two days later, on July 18, 2018, counsel filed a notice of appearance on behalf on the Defaulting Defendants. (ECF No. 18.) The Motion was filed five days after that. (ECF No. 20.) At the Plaintiffs' request, the Court stayed and administratively closed this case on July 16, 2018, to allow for service on certain foreign defendants. (ECF No. 17.) Nearly five months have passed and

---

[1]    Clerks default was also entered against two other defendants, Barbara Stratos and J.A.G. Express Corporation, neither of whom have appeared or moved to set aside default. This order does not apply to those defendants.

there is no indication that the Plaintiffs made any progress in serving these foreign defendants.

In the Motion, the Defaulting Defendants request that the Court vacate the Clerk's default because: (i) they have meritorious defenses, some of which are included in an proposed answer and affirmative defenses attached to the Motion; (ii) they were not culpable or willful in failing to respond to the Complaint within the required time; and (iii) setting aside Clerk's default will not prejudice the Plaintiffs. (ECF No. 22.)

The Plaintiffs oppose the Motion, arguing that: (i) the proposed affirmative defenses are meritless; (ii) the Defaulting Defendants willfully and culpably failed to respond to the Complaint; and (iii) the Plaintiffs will be prejudiced if default is set aside. (ECF No. 23.)

## 2. Legal Standard

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Int'l,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.*

## 3. Analysis

The Court sets aside Clerk's default, as it relates to the Defaulting Defendants. First, the Defaulting Defendants sought to set aside Clerk's default within a month of their deadline to respond to the Complaint and within a week of the entry of the default. While the parties are expected to comply with applicable rules of procedure, those facts establish that the Defaulting Defendants acted relatively expeditiously after the entry of default and belie the Plaintiffs' suggestion of willful or culpable conduct.

Next, setting aside default will in no way prejudice the Plaintiffs, and their suggestion otherwise is baseless. At the *Plaintiffs'* request, the Court stayed and administratively closed this case on July 16, 2018—the same day default was entered. (*See* ECF Nos. 16, 17.) The case has remained closed since that time to allow the Plaintiffs to effect international service on certain

defendants in Argentina so this case can proceed on the merits. In other words, this case has not progressed at the request of the Plaintiff. Thus, the Court will not hear any suggestion by the Plaintiffs that setting aside default would cause prejudice to them.

Finally, the Court acknowledges that the Defaulting Defendants filed a proposed answer and affirmative defenses as an exhibit to the Motion. (ECF No. 22 at Ex. A (arguing, for example, improper extraterritorial relief, lack of subject matter jurisdiction, standing and various pleading deficiencies).) The Court is satisfied by that showing and declines to engage in a full-blown merits inquiry at this stage, as the Plaintiffs request. *See Grupo Especializado de Servicios Aeros S de RL de CV v. VP Sales & Consulting, Inc.*, No. 16-cv-60937, 2016 WL 10953911, at *2 (S.D. Fla. June 30, 2016) (Scola, J.) (holding that parties moving to set aside Clerk's default need only make a "hint of suggestion" of a meritorious defense).

### 4. Conclusion

In sum, the Court **grants** the Motion (ECF No. 22) and **sets aside** Clerk's default (ECF No. 16) **only** as to Julian Gorosito and American Growing Business Corp. Julian Gorosito and American Growing Business Corp. shall promptly file their answer and affirmative defenses. The Plaintiffs are ordered to file by **December 13, 2018**, a report detailing the status of service on all defendants in this case, including a detailed description of what progress has been made to serve the international defendants. The **Clerk** is instructed to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on December 6, 2018.

_____
Robert N. Scola, Jr.
United States District Judge