United States District Court
for the
Southern District of Florida

| | |
|---|---|
| R4 Transportation and Logistics, LLC and E2 Logistics LLC, Plaintiffs, <br><br>v.<br><br>J.A.G. Express Corporation, and others, Defendants. | )<br>)<br>)<br>)  Civil Action No. 18-21977-Civ-Scola<br>)<br>)<br>)<br>) |

**Order**

This matter is before the Court on the Plaintiffs' second motion for entry of final default judgment against Defendants Diego Alejandro Avalos and Thalles Gomes Dos Santos. (ECF No. 73.) Previously, the Clerk of the Court entered a default against these Defendants under Rule 55(a). (ECF No. 72.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **denies** the Plaintiffs' motion. (**ECF No. 73**.)

### 1. Background

The Plaintiffs, through the operative complaint filed on May 17, 2018, allege a sprawling RICO scheme spanning multiple continents and involving the betrayal of a family friend, the promise of huge returns, and an investment that failed. (ECF No. 1.) In particular, the Plaintiffs allege that the Defendants engaged in a fraudulent scheme in which the Defendants would entice individuals to invest in a truck business with promises of high returns and US-immigration benefits.[1] (*See* ECF No.1 at ¶ 17.) While the Plaintiffs allege that the Defendants' scheme began in 2013 and continues today, the Plaintiffs' interactions with the Defendants occurred between March 2016 and July 2017. (*Id.* at ¶¶ 17, 25–31.)

Defendant Thalles Gomes Dos Santos first approached Luana Rabelo, a principal of R4 and a childhood friend of Dos Santos, in March 2016 with an investment opportunity. (*Id.* at ¶¶ 24–25.) The Defendants' investment opportunity centered around efforts to purchase large trucks and to employ those trucks in the Defendants' "logistics operation." (*Id.* at ¶¶ 17, 26.) While the Defendants told individuals that the investments would be used to purchase trucks, the Plaintiffs allege that the Defendants used these investments to buy rundown trucks—for less than represented—without the

---

[1] While the Plaintiffs alleged that the Defendants induced investors through the promise of immigration-related benefits, the Plaintiffs did not allege that they were offered any such immigration-related benefits.

ability or desire to adequately repair the trucks. (*Id.* at ¶ 18.) Alternatively, the Plaintiffs alleged that the Defendants would, at times, fail to buy trucks as promised. (*Id.*) The Defendants represented that they owned or controlled over 300 trucks and that past investors saw annual returns approximating 35%. (*Id.* at ¶¶ 26–27.) Moreover, the Defendants represented that some of them personally invested in the business and that the business was run by entities with years of experience in the logistics industry. (*Id.* at ¶¶ 25, 27, 29.) In all, the Plaintiffs met with the Defendants or their representatives on five occasions, after which the Defendants induced the Plaintiffs to make a total investment of $446,000. (*Id.* at ¶¶ 30–31.) The Plaintiffs allege that they have not received any return on this investment and that the Defendants did not use the investment as they promised they would. (*See id.* at ¶¶ 19, 41.)

### 2. Legal Standard

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But a "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

In all, the Plaintiffs brought five claims, alleging violations of (1) the civil RICO statute under 18 U.S.C. § 1962(c); (2) the civil RICO conspiracy statute under 18 U.S.C. § 1962(d); (3) the Florida RICO statute, Fla. Stat. § 772.103; (4) common law fraud; and (5) common law conspiracy to defraud. As each claim arises in connection with underlying allegations of fraud, the Plaintiffs must meet the specificity requirement of Rule 9(b). *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316–17 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity.") (citing Fed. R. Civ. P. 9(b)). Therefore, the Plaintiffs must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id.*

### 3. Analysis

The Court holds that the Plaintiffs have not met the heightened pleading requirements of Rule 9(b). While the Plaintiffs allege specifics regarding the statements made and the documents shown, as well as the time and place and person responsible for each statement, the Plaintiffs fail to allege the manner in which the statements misled the Plaintiffs. *See Ambrosia Coal*, 482 F.3d at 1316–17. Throughout the complaint, the Plaintiffs rely on generalized allegations that the Defendants' statements were false. (*See* ECF No. 1 at ¶¶ 26–27, 29, 31.) However, the Plaintiffs do not, as required by Rule 9(b), plead any allegations regarding how these statements were false or the basis for their belief that they were false. *See W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud."). For example, the Plaintiffs allege that the Defendants represented that past investors received an annual return on investment approximating 35%. (ECF No.1 at ¶ 26.) However, while the Plaintiffs assert that this representation was false, the Plaintiffs do not state the basis for that belief. *See U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002) ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in such conclusory fashion" and must be supported by allegations providing some "factual basis"). Similarly, for example, the Plaintiffs allege that the Defendant Thalles Gomes Dos Santos represented that he owned a truck and invested in the truck operation. (ECF No. 1 at ¶¶ 25, 27, 29.) Again, while the Plaintiffs assert that this representation was false, they do not allege the basis for their belief. *See Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 474 (11th Cir. 2016) ("Rule 9(b) requires more than an allegation that a misrepresentation was made; it requires a plaintiff to identify with precision what the misrepresentation actually was.")

Viewing the complaint in the light most favorable to the Plaintiffs, the Court cannot discern how the Plaintiffs were misled by the alleged misrepresentations. There are no allegations, pled with particularity, concerning how, and in what manner, the alleged misrepresentations were false. *See id.*; *see also W. Coast Roofing*, 287 F. App'x at 86. At most, the Plaintiffs appear to have alleged an investment that turned sour—the civil RICO statute, and its treble damages, does not extend that far. *See Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1208 (11th Cir. 2020) ("[RICO] cannot be invoked every time a group of people causes an injury. RICO's punitive power—treble

damages, in the civil context—is necessarily cabined[.]").

Moreover, the Plaintiffs' RICO claims fail for another reason. A civil plaintiff suing under RICO must allege that the defendants "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Id.* at 1211.

Relevant here, the Plaintiffs have failed to allege that the Defendants engaged in a pattern of racketeering activity that included at least two predicate acts. To allege a pattern of racketeering and the requisite predicate acts, the Plaintiffs must allege "a series of related predicates extending over a substantial period of time or the threat of continuity." *See id.* at 1216 (cleaned up) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989)). A "substantial amount of time" is measured in years, not months. *See id.* ("We measure a substantial period of time in years[.]") (quotations omitted). Moreover, a plaintiff fails to plead a "pattern" if the plaintiff only alleges activity arising from a single transaction. *See id.* ("Independently chargeable instances of mail or wire fraud cannot constitute a pattern of racketeering activity when they arise from a single transaction.").

Here, the Plaintiffs allege a pattern of racketeering activity through "[t]he acts of mail, wire and bank fraud, money laundering and monetary transactions in property derived from specified unlawful activity." (ECF No. 1 at ¶ 39.) However, the Plaintiffs allege no acts that took place through the mails, and the Plaintiffs only point to, at most, two financial transactions that took place in a two-month period—when the Plaintiffs invested in the Defendants' alleged scheme in early 2017. (*Id.* at ¶ 30.) As an initial matter, it is unlikely that the Plaintiffs' investment qualifies as a pattern of two predicate acts, as the investments were a part of an alleged "single episode of fraud" targeting the Plaintiffs and their principals. *See Cisneros*, 972 F.3d at 1216 (noting that "multiple acts of [fraud] in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern"). In any event, the Plaintiffs have not alleged the required continuity. The Defendants' efforts to obtain the Plaintiffs' investment occurred over an eleven-to-twelve-month period. (*See* ECF No. 1 at ¶¶ 25, 30.) This does not meet RICO's requirement that the predicate acts extend over a "substantial period of time." *See Cisneros*, 972 F.3d at 1216. While the Plaintiffs may also plead continuity by alleging a "threat of continuity," the Plaintiffs only provide conclusory allegations that the Defendants have continued to operate their scheme to the present day. *See id.*; (ECF No. 1 at ¶ 17.) Absent more, this does not suffice to state a claim under RICO.

In total, the Plaintiffs have failed to plead their claims with the specificity required by Rule 9(b). Moreover, the Plaintiffs have failed to adequately plead the elements of their RICO claims.[2] Therefore, the Court **denies** the Plaintiffs' motion for default judgment for failure to state a claim.

### 4. Conclusion

For the reasons set out above, the Court **denies** the Plaintiffs' motion for default judgment. (**ECF No. 73**.) Furthermore, the Court denies the motion and **dismisses** the complaint **without leave to amend**. The Plaintiffs have repeatedly ignored orders of the Court. (*See* ECF Nos. 44, 49, 62, 65, 67.) The Plaintiffs missed Court-imposed deadlines, even when the Court warned that doing so could result in dismissal of the case. Nonetheless, the Court considered the Plaintiffs' untimely motion for default judgment and found that the Plaintiffs failed to state a claim. Due to the Plaintiffs' repeated previous failures to abide by Court-imposed deadlines, the Court does not find that leave to amend is warranted.

Moreover, the Plaintiffs only moved for default judgment as to two Defendants, even though all other Defendants had also defaulted months ago. (ECF No. 58.) Once all Defendants had defaulted, the Plaintiffs failed to move for default judgment as to all Defendants, as the Court instructed. (*See* ECF No. 67 at 1 n.1 (discussing *Machado v. Mega Travel USA Corp.*, No. 14-21037-CIV, 2015 WL 12803629, at *1 (S.D. Fla. Sept. 1, 2015)).) Therefore, the Court, as previously warned, will also dismiss the Plaintiffs' claims against Defendants Barbara Stratos, J.A.G. Express Corp., Julian Gorosito, and American Growing Business Corp.[3] As the Court has dismissed all claims against all Defendants, the Court **directs** the Clerk to **close** the case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on January 25, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

[2] As the Court holds that the Plaintiffs failed to state a claim under Section 1962(c), the same analysis applies to the Plaintiffs' other RICO claims. *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (holding that the same analysis applies to federal and Florida RICO claims); *In re Takata Airbag Prods. Liab. Litig.*, 524 F. Supp. 3d 1266, 1282 (S.D. Fla. 2021) (Moreno, J.) ("Where a plaintiff fails to state a RICO claim and the conspiracy count does not contain additional allegations, then the conspiracy claim necessarily fails.") (cleaned up).

[3] In any event, the claims against these Defendants fail for the same reasons as discussed above.